### KRULY v. SPRUNG.

(Supreme Court, Appellate Term. February 11, 1910.)

NEGLIGENCE (§ 136*)—ACTIONS—EVIDENCE—QUESTIONS FOR JURY.

In an action for injuries to plaintiff's testator, who was working around a building under construction, by a board falling upon him from a window above, where there was no evidence that defendant superintended or had any charge of the work going on, or of the premises, except to see that the material was not stolen, and where it was not shown what caused the board to fall, there was no evidence to take the case to the jury as against defendant.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–326; Dec. Dig. § 136.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Harry J. Sprung, as executor, against John Kruly. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Leon Dashew, for appellant.

Lyman A. Spalding (Floyd K. Diefendorf, of counsel), for respondent.

GIEGERICH, J. In my opinion the trial justice in the court below was right in holding that this case is governed by the principles laid down in Wolf v. American Tract Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241. It does not appear satisfactorily what dislodged the board which fell and injured the plaintiff; but according to the testimony of Zwerling, the contractor who was doing the carpenter work on the building and who was called by the plaintiff, he had one or two men at work on the day of the accident engaged in putting on trim around the window out of which, as I understand the evidence, a number of boards projected, one of which fell and caused the injury in question.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

An attempt was made to show that the defendant exercised a general supervision over the work of the various contractors; but it was denied by the defendant's witnesses that he ever gave any directions to those engaged upon the building, and there was no evidence on behalf of the plaintiff that such directions were ever given, or that any other acts of control were ever performed, by the defendant or his brother. Both the defendant and his brother testified that the defendant was on the work but little, while his brother was there primarily for the purpose of seeing that no material was stolen that according to the terms of the contract was being furnished by the defendant, and for the further purpose of answering any questions as to whether the premises were for rent. In addition to this, the defendant employed a night watchman to see that material was not stolen or damage done to the building. None of this testimony on behalf of the defendant was contradicted, nor was there any denial or contradiction of the fact that all of the work was let by contract.

I am of the opinion, therefore, that there was no evidence upon which the case could have properly been left to the jury to find against the defendant, and, furthermore, so far as the evidence indicated the identity of the person who dislodged the board which caused the damage, it would appear that such person was one of the workmen employed by an independent contract.

The judgment should be affirmed, with costs.

LEHMAN, J., concurs. DAYTON, J., concurs in the result.